# WILENCHIK & BARTNESS

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810          Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
Tyler Q. Swensen, #015322
tylers@wb-law.com
Attorneys for Plaintiffs

## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **CHEVAL FARM, LLC, an Ohio limited liability corporation; STONE KEY CORP., an Ohio corporation,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**TREVOR WILLIAM CHALON, an individual; DONALD CHALON and RITA CHALON, husband and wife; CHANGE INNOVATIONS, INC., a Nevada corporation; EQUATORIAL CAPITAL VENTURES GHANA HOLDINGS, LLC, an Arizona limited liability corporation; GEC AUTOMOTIVE LTD, a corporation; GLOBAL VIEW ADVISORS, LLC, a Florida limited liability corporation; GLOBAL VIEW CAPITAL FUND, a corporation; GLOBAL VIEW COPPER FUND, a corporation; GLOBAL VIEW MANAGEMENT, LLC, a Florida limited liability corporation; GLOBAL VIEW PARTNERS, LTD., a Florida limited liability corporation;  GLOBAL VIEW VENTURES, LTD., a corporation; SASAK POTTERY, a corporation; STONEHENGE CORPORATION, a corporation,**<br><br>**Defendants.** | **CASE NO._____**<br><br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

**JURISDICTION AND VENUE**

1.      Plaintiff Cheval Farm, LLC ("Cheval Farm") is an Ohio corporation qualified to do business in the State of Arizona.

2.      Plaintiff Stone Key Corp. ("Stone Key") is an Ohio corporation qualified to do business in the State of Arizona.

3.      Defendant Trevor William Chalon ("Chalon") is an adult individual and resident of the State of Arizona.

4.      Defendants Donald Chalon and Rita Chalon are husband and wife, and are residents of the State of Arizona.  Donald and Rita Chalon are Trevor Chalon's parents.

5.      Defendant Change Innovations, Inc. is a Nevada corporation which, at all times relevant to this Complaint, was wholly owned and controlled by Chalon.

6.      Upon information and belief, Change Innovations, Inc. committed acts and conducted business in Arizona at times and in ways relevant to this Complaint.

7.      Defendant Equatorial Capital Ventures Ghana Holdings, LLC ("Ghana Holdings") is an Arizona LLC.

8.      At all times relevant to this Complaint, Chalon and Jeffrey I. Katz were the only members of Ghana Holdings.

9.      Upon information and belief, Ghana Holdings committed acts and conducted business in Arizona at times and in ways relevant to this Complaint.

10.      Defendant GEC Automotive Ltd. is, upon information and belief, a corporation conducting business in Arizona and controlled by Chalon.

11.      Defendant Global View Advisors, LLC is a Florida LLC which, at all times relevant to this Complaint, was controlled by its sole (and managing) member, Chalon.

12.      Upon information and belief, Global View Advisors, LLC conducted business and committed acts in Arizona at times and in ways relevant to this Complaint.

13.     Defendant Global View Capital Fund is, upon information and belief, a business entity that at all times has been wholly owned and controlled by Chalon and which conducted business and committed acts in Arizona at times and in ways relevant to this Complaint.

14.     Defendant Global View Copper Fund is, upon information and belief, a business entity that conducted business and/or committed acts in Arizona at times and in ways relevant to this Complaint and which, at all times, was wholly owned and controlled by Chalon.

15.     Defendant Global View Management, LLC is a Florida LLC, that was controlled by its sole (and managing) member, Chalon, at all times relevant to this Complaint.

16.     Upon information and belief, Global View Management, LLC conducted business in Arizona at times and in ways relevant to this Complaint.

17.     Defendant Global View Partners, Ltd. is a Florida partnership that, upon information and belief, conducted business and committed acts in Arizona at times and in ways relevant to this Complaint.

18.     At all times relevant to this Complaint, the General Partner of Global View Partners, Ltd. was Global View Management, LLC.

19.     Defendant Global View Ventures, Ltd. is, upon information and belief, a business entity controlled by Chalon that conducted business and committed acts in Arizona at times and in ways relevant to this Complaint.

20.     Defendant Sasak Pottery is, upon information and belief, a business entity controlled by Chalon that conducted business and committed acts in Arizona at times and in ways relevant to this Complaint.

3

21.     Defendant Stonehenge Corporation is, upon information and belief, a business entity controlled by Chalon that conducted business and committed acts in Arizona at times and in ways relevant to this Complaint.

22.     Venue is proper in the United States Federal Court District of Arizona pursuant to 28 U.S.C.A. Section 1391.  This Court has jurisdiction over this action pursuant to 28 U.S.C.A. Section 1332.

**GENERAL FACTUAL BACKGROUND**

23.     On or about October 16, 2008, Cheval Farm wired $100,000 to Defendant Global View Ventures, Ltd. at Chalon's request and based on Chalon's repeated representations to Cheval Farm that its $100,000 principal investment would generate a guaranteed twenty-four percent (24%) annual rate of return (equivalent to $24,000 per year).

24.     The Defendants, including, but not limited to, Chalon and Copper Fund, all guaranteed the return of Cheval Farm's principal investment in full and represented to Cheval Farm that it would be paid its quarterly dividends of $6,000 each quarter.

25.     The quarterly payments on Cheval Farm's investment should have been paid to Cheval Farms on or about January 16th, April 16th, July 16th, and October 16th each year that the investment was in place, beginning in January 2009.

26.     On three occasions (i.e., February 18, 2009; May 4, 2009; and July 24, 2009), Defendant Global View Copper Fund ("Copper Fund") made payments of approximately $6,000 each to Cheval Farm.  Each of these payments was late.

27.     Copper Fund has made no further dividend payments to Cheval Farm since July 24, 2009.

28.     As of the date of this Complaint, Cheval Farm is owed an additional $18,000 in dividends on its investment, since it was entitled to receive $6,000 payments in October 2009, January 2010, and April 2010.

29.     Cheval Farm is further entitled to receive dividend payments of $6,000 each quarter, beginning in July 2010 and going forward until Defendants return Cheval Farm's principal investment of $100,000.00.

30.     Chalon has ceased having any contact with Cheval Farm regarding its investment.

31.     On June 4, 2009, Plaintiff Stone Key Corp. ("Stone Key") wired $250,000 to GEC Automotive Ltd. ("GEC Auto") in reliance on representations made by GEC Auto and Chalon.

32.     Chalon repeatedly represented that this investment was "safe and secure" in his custody.  Chalon further represented and covenanted that Stone Key's principal investment would be returned if GEC Auto had no sales by October 1, 2009.

33.     GEC Auto had no sales at all, yet Stone Key's principal has not been returned.

34.     The term sheet (the "GEC Term Sheet") for Stone Key's investment in GEC Auto is attached hereto as Exhibit A.  Pursuant to the GEC Term Sheet, Stone Key was entitled to: (i) a 10% ownership in GEC Auto; and (ii) a return of its initial investment of $250,000.00.

35.     The GEC Term Sheet also provided that if GEC Auto had no sales by October 1, 2009, Defendants GEC Auto and Chalon would cause Stone Key's principal investment of $250,000.00 to be immediately returned.

36.     As of October 1, 2009, GEC Auto had no sales.

37.     Nevertheless, in violation of the clear language of the Term Sheet, GEC Auto and Chalon did not return Stone Key's $250,000.00 investment, but instead, on information and belief, kept it for their personal use and benefit.

38.     The GEC Term Sheet also required GEC Auto to: (i) maintain adequate assets and adequate property and business insurance; (ii) comply with all laws, rules and

1   regulations; and (iii) not enter into related party transactions without the consent of a

2   majority of the board of directors.

3       39.   Stone Key has repeatedly asked Chalon and GEC Auto for information

4   related to GEC Auto's compliance or non-compliance with the requirements of the GEC

5   Term Sheet, but those requests have been met with silence.

6       40.   Pursuant to the Term Sheet, GEC Auto was obligated to provide

7   shareholders with unaudited quarterly and audited yearly financial statements as well as

8   an annual budget for the upcoming fiscal year, and was further obliged to provide

9   shareholders access to senior managers and all informational materials upon request,

10  including, without limitation: (i) all internal management documents; (ii) reports of

11  operations, reports of adverse developments; (iii) copies of any management letters; (iv)

12  copies of communications with shareholders or directors; and (v) press releases and

13  registration statements.

14      41.   Defendants Chalon and GEC Auto have failed and refused to provide any

15  of the aforementioned information, access or materials to Stone Key.

16      42.   Defendants GEC Auto and Chalon were only authorized to use Stone Key's

17  investment for the purposes of increasing GEC Auto's paid-up capital.

18      43.   Defendant Chalon, as trustee, entered into a Trust, dated June 4, 2009 ("the

19  Trust") with Stone Key.  A copy of the Trust is attached hereto as Exhibit B.

20      44.   Pursuant to Section 2.3 of the Trust, Chalon agreed that he would convey

21  all information, statements, accounts and documents to Stone Key relating to its

22  investment and status as shareholder of GEC Auto

23      45.   Pursuant to Section 2.5 of the Trust, Chalon agreed that he would act in

24  good faith and with due diligence for the benefit of Stone Key with respect to all matters

25  relating to the shares and GEC Auto

26

WILENCHIK & BARTNESS
— A PROFESSIONAL CORPORATION —

6

46.     Plaintiffs have been injured as a result of Chalon and the other Defendants' control and misappropriation of Plaintiffs' invested funds and Defendants' failure to distribute dividends, provide information or return any of the Plaintiffs' initial investments.

47.     Because this case arises out of contract, Plaintiffs may recover their costs and reasonable attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01, should they be the prevailing party in this action.

### PLAINTIFFS' FIRST CAUSE OF ACTION
**(Alter Ego as to Defendant Chalon)**

48.     Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth and restated herein.

49.     At all times relevant to this Complaint, Change Innovations, Inc., Equatorial Capital Ventures Ghana Holdings, LLC, GEC Automotive Ltd., Global View Advisors, LLC, Global View Capital Fund, Global View Copper Fund, Global View Management, LLC, Global View Partners, Ltd., Global View Ventures, Ltd., Sasak Pottery, and Stonehenge Corporation (hereinafter referred to collectively as the "Defendant Companies"), were each under the sole and absolute control of Chalon.

50.     These Defendant Companies do not have any separate mind, will, or existence of their own and were created and used by Chalon for a fraudulent purpose.

51.     Chalon used the Defendant Companies' corporate entities as mere shells to obtain money from Plaintiffs by means of fraud.

52.     Chalon then diverted Plaintiffs' funds to his own personal use and prevented the Defendant Companies from re-paying that money to Plaintiffs as agreed and promised.

53.     Chalon exercised such control over the Defendant Companies that they were his alter egos.

54.     Equity requires that the Court disregard the corporate fiction and hold Chalon personally liable for all sums owed by the Defendant Companies to Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Chalon on Plaintiffs' First Cause of Action for such damages as may be proven at trial with respect to all other causes of action in this Complaint against the Defendant Companies, and for such other relief as the Court deems just.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### (Breach of Contract as to all Defendants)

55.     Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth and restated herein.

56.     Defendants had a contractual relationship with Stone Key related to Stone Key's investment of $250,000 with Defendants, pursuant to the terms of the Term Sheet and the Trust.

57.     Defendants also had a contractual relationship with Cheval Farm related to Cheval Farm's investment of $100,000 with Defendants.

58.     Defendants owed contractual duties toward each of the Plaintiffs with respect to the aforementioned investment agreements.

59.     Defendants materially breached their contractual obligations toward Cheval Farm by, among other things, failing and refusing to repay Cheval Farm its principal investment of $100,000.00, and by failing and refusing to pay quarterly dividends of $6,000.00/quarter to Cheval Farm on that principal amount after July 2009.

60.      Defendants materially breached their contractual obligations toward Stone Key by, among other things, failing and refusing to: (i) repay Stone Key its principal investment of $250,000.00; (ii) transfer ten percent (10%) ownership of GEC Auto to Stone Key; (iii) produce information, statements, accounts and documents that Defendants were required to provide to Stone Key as a shareholder and investor.

61.    As a result of Defendants' breaches of contract, Stone Key has suffered reasonably foreseeable damages in an amount to be determined, but in no event less than $250,000.00 plus prejudgment interest.

62.    As a result of Defendants' breaches of contract, Cheval Farm has suffered and continues to suffer reasonably foreseeable damages in an amount to be determined, but in no event less than $118,000.00 plus prejudgment interest.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs' Second Cause of Action as follows:

A.    Awarding damages in an amount to be proven at trial, but with respect to Stone Key, not less than $250,000, and with respect to Cheval Farm, not less than $100,000 in principal plus dividends of $6000 per quarter beginning in October 2009 and continuing until the date final judgment is entered in this case;

B.    Awarding prejudgment interest on the foregoing sums at the highest allowable rate from and after the date said sums became due and owing to Plaintiffs until the date judgment is entered in this case;

C.    Awarding Plaintiffs their taxable costs pursuant to A.R.S. § 12-341 and reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, which, in the event judgment is obtained by default, shall be not less than ten thousand dollars ($10,000);

D.    Awarding post-judgment interest at the highest allowable rate on items A and C above from and after the date final judgment is entered in this case until said judgment is paid in full; and

E.    Granting such other relief as the Court deems just and proper under the circumstances.

/ / / /

## PLAINTIFFS' THIRD CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing as to all Defendants)

63.    Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth and restated herein.

64.    As a result of the investment relationships that existed between Plaintiffs and the Defendants, as well as the express and implied promises made in connection with those relationships, and the acts, conduct, and communications, Defendants had an implicit duty to act in good faith toward and deal fairly with Plaintiffs.

65.    This required, among other things, that: (a) Defendants act with good faith toward the Plaintiffs concerning all matters related to their investments; (b) Defendants act with fairness toward the Plaintiffs concerning all matters related to the investments; (c) Defendants not take any action to unfairly prevent the Plaintiffs from obtaining the benefits of their agreements with Defendants; (d) Defendants would comply with their own representations, rules, policies, and procedures in dealing with Plaintiffs; and (e) Defendants would give Plaintiffs' interests as least as much consideration as Defendants gave their own interests.

66.    Defendants breached the covenant of good faith and fair dealing by, among other things: (i) repeatedly refusing to abide by their own policies when dealing with Plaintiffs; (ii) unfairly preventing Plaintiffs from obtaining the benefits of their investor relationship with Defendants; and (iii) diverting and/or converting Plaintiffs' invested funds solely for Defendants' own purposes and benefit.

67.    As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiffs have suffered and continue to suffer reasonably foreseeable damages in an amount to be proven at trial, but in no event less than $368,000.00 plus prejudgment interest.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs' Third Cause of Action as follows:

A.   Awarding damages in an amount to be proven at trial, but with respect to Stone Key, not less than $250,000, and with respect to Cheval Farm, not less than $100,000 in principal plus dividends of $6000 per quarter beginning in October 2009 and continuing until the date final judgment is entered in this case;

B.   Awarding prejudgment interest on the foregoing sums at the highest allowable rate from and after the date said sums became due and owing to Plaintiffs until the date judgment is entered in this case;

C.   Awarding Plaintiffs their taxable costs pursuant to A.R.S. § 12-341 and reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, which, in the event judgment is obtained by default, shall be not less than ten thousand dollars ($10,000);

D.   Awarding post-judgment interest at the highest allowable rate on items A and C above from and after the date final judgment is entered in this case until said judgment is paid in full; and

E.   Granting such other relief as the Court deems just and proper under the circumstances.

### PLAINTIFFS' FOURTH CAUSE OF ACTION
#### (Unjust Enrichment as to All Defendants)

68.   Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth and restated herein.

69.   The Defendants were conferred a benefit from Plaintiffs' investments.

70.   The Defendants were conferred to benefit from Plaintiffs' investment on false pretenses.

71.   The Defendants had knowledge of the benefits received.

11

72.     The Defendants have had the use and benefit of Plaintiffs' invested funds since those funds were wired by Plaintiffs to the Defendants.

73.     Defendants have failed to provide Stone Key with any compensation or consideration in exchange for the use of Stone Key's funds and have failed and refused to return those funds to Stone Key.

74.     Defendants have provided Cheval Farm with a total of only $18,000 as compensation for the use of the funds invested by Cheval Farm and have failed and refused to return that principal amount to Cheval Farm.

75.     The Defendants have been unjustly enriched in an amount yet to be determined, but in no event is that amount less than $350,000 plus interest.

76.     Plaintiffs are entitled to recover from the Defendants the principle amount of the funds invested plus reasonable compensation for loss of the use of those funds while they were in Defendants' possession and control.

77.     The reasonable value of the benefits conferred upon the Defendants is an amount yet to be determined, but with respect to Stone Key, that value is at least $250,000 plus a reasonable amount of interest from and after the date the funds were invested until they are returned to Plaintiffs.  With respect to Cheval Farm, that value is at least $100,000 plus a reasonable amount of interest from and after the date the funds were invested until they are returned to Plaintiffs, minus the $18,000 already paid to Cheval Farm by Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs' Fourth Cause of Action as follows:

A.      Awarding damages in an amount to be proven at trial, but with respect to Stone Key, not less than $250,000 plus interest, and with respect to Cheval Farm, not less than $100,000 plus interest minus $18,000;

B.    Awarding Plaintiffs their taxable costs and reasonable attorneys' fees in this action, pursuant to A.R.S. §§ 12-341 and 12-341.01;

C.    Awarding post-judgment interest at the highest allowable rate on items A and B above from and after the date final judgment is entered in this case until said judgment is paid in full; and

D.    Granting such other relief as the Court deems just and proper under the circumstances.

## PLAINTIFFS' FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty as to All Defendants)

78.    Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth and restated herein.

79.    As the trustee of the Trust, Chalon owed the Plaintiff Stone Key, as the beneficiary of the trust, a duty of loyalty and fidelity.

80.    All of the Defendants, through Chalon, owed both of the Plaintiffs fiduciary duties related to Plaintiffs' investments.

81.    Such duties of loyalty and fidelity require the fiduciary to act in the best interests of the principal.

82.    Chalon knowingly violated his duty of loyalty and fidelity to Stone Key and caused it to suffer actual damages in an amount of at least $250,000.

83.    Defendants knowingly breached their obligation to protect and safeguard Plaintiffs' invested funds.

84.    Defendants' misconduct and malfeasance was intentional and done with actual malice and the intent to inflict harm on Plaintiffs. As such, Plaintiffs are entitled to exemplary damages, as well as recovery of their reasonable attorney's fees.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs' Fifth Cause of Action as follows:

13

A.   Awarding damages in an amount to be proven at trial, but with respect to Stone Key, not less than $250,000 plus interest, and with respect to Cheval Farm, not less than $100,000 in principal plus dividends of $6000 per quarter beginning in October 2009 and continuing until the date final judgment is entered in this case;

B.   Awarding prejudgment interest on the foregoing sums at the highest allowable rate from and after the date said sums became due and owing to Plaintiffs until the date judgment is entered in this case;

C.   Awarding Plaintiffs their taxable costs pursuant to A.R.S. § 12-341 and reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, which, in the event judgment is obtained by default, shall be not less than ten thousand dollars ($10,000);

D.   Assessing punitive damages against Defendants in an amount sufficient to punish Defendants and to deter others similarly situated from committing such improper and egregious acts;

E.   Awarding post-judgment interest at the highest allowable rate on items A, C, and D above, from and after the date final judgment is entered in this case until said judgment is paid in full; and

F.   Granting such other relief as the Court deems just and proper under the circumstances.

## PLAINTIFFS' SIXTH CAUSE OF ACTION
### (Conversion as to All Defendants)

85.   Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth and restated herein.

86.   Soon after discovering Defendants' fraudulent acts perpetrated by and through Chalon, Plaintiffs demanded and requested from Chalon a return of their

14

investments and disclosure of all information relating to the usage of the funds they had invested.

87.     Despite Plaintiffs' repeated requests and demands, Defendants have failed or have otherwise refused to return any of funds that Plaintiffs invested.

88.     Defendants have knowingly and willfully retained and used Plaintiffs' property for Defendants' own benefit without Plaintiffs' consent, and Defendants have made it clear that they have no intention of voluntarily returning that property to Plaintiffs.

89.     Upon information and belief, all of the Plaintiffs' invested funds have been converted to Defendants' use.

90.     As a result of Defendants' misconduct, the Plaintiffs have suffered and continue to suffer actual damages in an amount to be proven at trial, but which, as of the date of this Complaint, total at least $368,000.00.

91.     Defendants' misconduct was willful, malicious and done with the intent to harm Plaintiffs.  Therefore, Plaintiffs are entitled to recover punitive damages from the Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs' Sixth Cause of Action as follows:

A.     Awarding damages in an amount to be proven at trial, but with respect to Stone Key, not less than $250,000 plus interest, and with respect to Cheval Farm, not less than $100,000 in principal plus dividends of $6000 per quarter beginning in October 2009 and continuing until the date final judgment is entered in this case;

B.     Awarding prejudgment interest on the foregoing sums at the highest allowable rate from and after the date said sums became due and owing to Plaintiffs until the date judgment is entered in this case;

15

C.    Awarding Plaintiffs their taxable costs pursuant to A.R.S. § 12-341 and reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, which, in the event judgment is obtained by default, shall be not less than ten thousand dollars ($10,000);

D.    Assessing punitive damages against Defendants in an amount sufficient to punish Defendants and to deter others similarly situated from committing such improper and egregious acts;

E.    Awarding post-judgment interest at the highest allowable rate on items A, C, and D above, from and after the date final judgment is entered in this case until said judgment is paid in full; and

F.    Granting such other relief as the Court deems just and proper under the circumstances.

## PLAINTIFFS' SEVENTH CAUSE OF ACTION
### (Fraud/Fraudulent Inducement as to All Defendants)

92.    Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth and restated herein.

93.    During the negotiations between Plaintiffs and Defendants when Plaintiffs were debating whether to invest any money with Chalon or his various enterprises, Defendants, by and through Chalon, made representations both verbally and in writing to Plaintiffs including, without limitation, the following: (i) any funds invested by Plaintiffs would be safe and secure; and (ii) the principal amounts invested by Plaintiffs would be repaid in full.

94.    The representations described in the preceding paragraph were not true at the time they were made, and did not become true at any time thereafter.

16

95.     Defendants knew at the time the representations described above were made that those representations were not true and Defendants had no intention of fulfilling their promise to return Plaintiffs' principal investments.

96.     Defendants made the false representations described above with the intent to deceive Plaintiffs and to induce Plaintiffs to invest their money with Defendants in reliance on the false representations.

97.     Upon information and belief, there was never a proper, legitimate, or valid business purpose relating to the use of Plaintiffs' invested funds and Defendants' entire scheme was designed solely to commit theft by fraud.

98.     Plaintiffs relied on the false representations described above in choosing to invest money with Defendants.  At no time before wiring money to Defendants were Plaintiffs aware that Defendants' representations described above were false.

99.     Had Plaintiffs known of the falsity of the representations, they would not have invested any money with Defendants.

100.    Plaintiffs' reliance on Defendants' false representations was reasonable in that there was no information or facts available to Plaintiffs at the time they made their investments that would have caused Plaintiffs to doubt Chalon's veracity or to believe that he would simply abscond with their money.

101.    Plaintiffs' reliance on and belief in the truth of the representations described above materially affected Plaintiffs' decision to invest money with Defendants.

102.    Any reasonable person contemplating investing with Defendants would consider misrepresentations as to the security and safety of the invested funds significant enough to affect the decision whether to invest.

103.    Plaintiff first became aware of the falsity of Defendants' representations described above in or around October 2009, when Defendants failed to pay Cheval Farm the quarterly dividend on its investment and failed and refused to provide Stone Key

1  with any information about its investment in GEC Auto and refused to return Stone

2  Key's principal investment as required under the terms of the parties' agreement.

3     104.    As a proximate result of Defendants false representations, Plaintiffs have

4  suffered reasonably foreseeable damages in an amount to be proven at trial, but not less

5  than $368,000 as of the date of this Complaint.

6     WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs'

7  Seventh Cause of Action as follows:

8  A.  Awarding damages in an amount to be proven at trial, but with respect to

9  Stone Key, not less than $250,000 plus interest, and with respect to Cheval

10  Farm, not less than $100,000 in principal plus dividends of $6000 per

11  quarter beginning in October 2009 and continuing until the date final

12  judgment is entered in this case;

13  B.  Awarding prejudgment interest on the foregoing sums at the highest

14  allowable rate from and after the date said sums became due and owing to

15  Plaintiffs until the date judgment is entered in this case;

16  C.  Awarding Plaintiffs their taxable costs pursuant to A.R.S. § 12-341 and

17  reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, which, in the

18  event judgment is obtained by default, shall be not less than ten thousand

19  dollars ($10,000);

20  D.  Assessing punitive damages against Defendants in an amount sufficient to

21  punish Defendants and deter others similarly situated from committing such

22  improper and egregious acts;

23  E.  Awarding post-judgment interest at the highest allowable rate on items A,

24  C, and D above, from and after the date final judgment is entered in this

25  case until said judgment is paid in full; and

26

F.    Granting such other relief as the Court deems just and proper under the circumstances.

## PLAINTIFFS' EIGHTH CAUSE OF ACTION
### (Federal RICO Violations as to all Defendants)

105.    Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth herein.

106.    Defendants not only had a basic duty as members of society to behave in a morally upright and fundamentally honest manner with respect to their dealings with Plaintiffs, they had even higher fiduciary duties and ethical obligations toward Plaintiffs, which they all blatantly violated for their own benefit and to Plaintiffs' detriment.

107.    In their interactions with Plaintiffs, Defendants knowingly executed or attempted to execute a scheme reasonably calculated to deceive persons of ordinary intelligence.

108.    Defendants' intent to defraud Plaintiffs may be inferred from Defendants' activities.

109.    As described in this Complaint, Defendants' conduct constituted a scheme to obtain money by means of false or fraudulent pretenses, representations, or promises. For the purpose of executing the scheme, Defendants placed in post offices or authorized depositories for mail, matters or things to be sent or delivered by the Postal Service or other private or commercial interstate carriers in violation of 18 U.S.C. § 1341, and/or Defendants transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice in violation of 18 U.S.C. § 1343.

110.    Defendants' illegal acts as described in this Complaint occurred from 2008 until the present and constitute a pattern of racketeering activity under 18 U.S.C. § 1961.

111.   The Defendants' pattern of racketeering activity was committed in furtherance of an associated-in-fact enterprise involving each of the Defendants, their employees, and agents, and which was and still is engaged in interstate commerce or which affects interstate commerce (the "Enterprise").

112.   Defendants and each of them violated 18 U.S.C. § 1962(a) by receiving income derived, directly or indirectly, from a pattern of racketeering activity and using or investing, directly or indirectly, any part of such income, or the proceeds of such income, in the establishment or operation of the Enterprise.

113.   Defendants and each of them violated 18 U.S.C. § 1962(b) by acquiring or maintaining, directly or indirectly, any interest in or control of the Enterprise.

114.   Defendants and each of them was/is employed by or associated with the Enterprise and violated 18 U.S.C. § 1962(c) by conducting or participating, directly or indirectly, as set forth in this Complaint, in the conduct of the Enterprise's affairs through a pattern of racketeering activity.

115.   Defendants and each of them violated 18 U.S.C. § 1962(d) by conspiring to violate the provisions of subsection (a), (b), or (c) of 18 U.S.C. § 1962.

116.   In the present case, Defendants converted and utilized Plaintiffs' invested funds for their own financial gain.

117.   Plaintiffs have been injured in their business and/or property by reason of Defendants' violations of section 18 U.S.C. § 1962, in an amount to be determined at trial, but not less than $368,000, and Plaintiffs are entitled to recover threefold the damages they sustained as well as the costs of this suit, including a reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs' Eighth Cause of Action as follows:

A.   Awarding Plaintiffs all allowable damages resulting from Defendants' RICO violations;

B.   Awarding prejudgment interest on the foregoing sums at the highest allowable rate from and after the date said sums became due and owing to Plaintiffs until the date judgment is entered in this case;

C.   Awarding treble damages pursuant to 18 U.S.C. § 1964(c);

D.   Awarding Plaintiffs' costs and reasonable attorneys' fees pursuant to 18 U.S.C. § 1964(c), which fees shall be not less than ten thousand dollars ($10,000.00), in the event default judgment is obtained;

E.   Awarding punitive or exemplary damages in an amount sufficient to punish these Defendants and to deter others similarly situated from engaging in the racketeering conduct alleged in this Complaint;

F.   Awarding post-judgment interest on items A, D and E above from and after the date final judgment is entered in this case until said judgment is paid in full; and

G.   Such other or further relief as the Court deems just and proper under the circumstances.

### PLAINTIFFS' NINTH CAUSE OF ACTION
**(Pattern of Unlawful Activity as to All Defendants)**

118.   Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth herein.

119.   Defendants' wrongful acts as alleged in this Complaint are acts which are chargeable or indictable under the criminal laws of the State of Arizona, and are felonies requiring imprisonment for more than one year.  These predicate offenses include, but are not limited to, a scheme or artifice to defraud, embezzle, convert, and extort, and theft by false pretenses.

21

120.   Defendants defrauded Plaintiffs for financial gain and thereby conspired to conduct a scheme or artifice to defraud, which is a chargeable offense pursuant to A.R.S. §13-2301.

121.   Defendants' actions constitute engaging in a pattern of unlawful activity for the purpose of financial gain; and that pattern of unlawful activity caused Plaintiffs' damages.

122.   Defendants' pattern of unlawful activity consists of the acts stated in this Complaint, which occurred within five years of one another, were related to one another, and amounted to or posed a threat of continued unlawful activity.

123.   As a result of Defendants' actions as alleged above, Plaintiffs have been damaged.

124.   Plaintiffs' damages were a reasonably foreseeable result of Defendants' pattern of unlawful activity.

125.   Pursuant to A.R.S. §§ 13-2301, *et seq.*, Plaintiffs are entitled to treble damages and an award of reasonable attorneys fees and costs.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs' Ninth Cause of Action as follows:

A.   Awarding Plaintiffs all allowable damages resulting from Defendants' pattern of unlawful activity;

B.   Awarding prejudgment interest on the foregoing sums at the highest allowable rate from and after the date said sums became due and owing to Plaintiffs until the date judgment is entered in this case;

C.   Awarding treble damages pursuant to A.R.S. § 13-2314.04(A);

D.   Awarding Plaintiffs' costs and reasonable attorneys' fees pursuant to A.R.S. § 13-2314.04(A), which fees shall be not less than ten thousand dollars ($10,000.00), in the event default judgment is obtained;

22

E.      Awarding post-judgment interest on items A, B, and D above, from and after the date final judgment is entered in this case until said judgment is paid in full; and

F.      Such other or further relief as the Court deems just and proper under the circumstances.

### PLAINTIFFS' TENTH CAUSE OF ACTION
**(Fraudulent Conveyance as to All Defendants)**

126.    Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth herein.

127.    Upon information and belief, Chalon and/or the other Defendants, acting in concert with Chalon's parents, Defendants Donald Chalon and Rita Chalon, transferred and fraudulently conveyed certain assets to Donald Chalon and Rita Chalon, other Defendants, or possibly to as yet unidentified, persons or entities, in an attempt to hide assets from the Plaintiffs.

128.    Upon information and belief, these transfers were made when Defendants were not generally paying their debts as they became due and were insolvent, or, as a result of the transfer, the transferor became insolvent.

129.    Upon information and belief these transfers were made on account of an antecedent indebtedness and without receipt of equivalent value.

130.    Upon information and belief, at the time of the aforementioned transfers, Chalon and the other Defendants knew that they owed Plaintiffs at least $368,000 and that they were under threat of suit from Plaintiffs or other creditors.

131.    Upon information and belief, Defendants made the aforesaid transfers with the intent to hinder, delay, or defraud their creditors.

132.    By reason of the foregoing, the aforementioned transfers are all voidable pursuant to A.R.S. §§ 44-1004 and -1005.

1    WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs'

2    Tenth Cause of Action as follows:

3    A.    Awarding Plaintiffs all allowable damages in an amount to be proven at

4          trial, but not less than $368,000;

5    B.    Awarding prejudgment interest on the foregoing damages at the highest

6          allowable rate from and after the date the money became due and owing to

7          Plaintiffs until the date judgment is entered in this case;

8    C.    Issuing a declaration that any fraudulent transfers by Defendants are null

9          and void and setting aside said transfers;

10   D.    Entering a prejudgment attachment restraining the Defendants from further

11         disposing of any assets that might be used to satisfy Plaintiffs' claims;

12   E.    Awarding Plaintiffs their taxable costs pursuant to A.R.S. § 12-341 and

13         reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, which, in the

14         event judgment is obtained by default, shall be not less than ten thousand

15         dollars ($10,000);

16   F.    Awarding post-judgment interest on items A and E above, from and after

17         the date final judgment is entered in this case until said judgment is paid in

18         full; and

19   G.    Such other or further relief as the Court deems just and proper under the

20         circumstances.

21

22   **PLAINTIFFS' ELEVENTH CAUSE OF ACTION**
     **(Constructive Trust as to All Defendants)**

23   133.   Plaintiffs hereby incorporate each and every allegation contained in the

24   other paragraphs of this Complaint as though fully set forth herein.

25   134.   Defendants, through their fraudulent schemes, have unlawfully retained and

26   controlled funds rightfully belonging to Plaintiffs.

24

135.   Upon information and belief, Defendants have used the aforementioned funds to acquire real and/or personal property, or have otherwise converted or transferred those funds.

136.   As a result of their unlawful actions, Defendants are involuntary trustees pursuant to A.R.S. § 13-2314.04(D)(6) and Plaintiffs are entitled to have a constructive trust imposed upon the fruits of Defendants' wrongful conduct and to freeze all sums and/or assets Defendants obtained or derived from their misuse and conversion of Plaintiffs' funds, in order to prevent Defendants' dissipation or concealment of those funds and/or assets.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs' Eleventh Cause of Action as follows:

A.     Imposing a constructive trust on Defendants' assets in an amount sufficient to cover Plaintiffs' damages, prejudgment interest, costs and attorneys' fees; and

B.     Such other or further relief as the Court deems just and proper under the circumstances.

### PLAINTIFFS' TWELFTH CAUSE OF ACTION
#### (Prejudgment Attachment as to All Defendants)

137.   Plaintiffs hereby incorporate each and every allegation contained in the other paragraphs of this Complaint as though fully set forth herein.

138.   Pursuant to A.R.S. § 12-1521 and § 13-2314.04(C), this Court has the authority and Plaintiffs are entitled to a prejudgment attachment against any and all property of Defendants as a result of the Defendants fraudulent and unlawful conduct giving rise to this suit.

139.   Specifically, this action is an action upon a contract for the payment of money which is not secured by real or personal property, and, upon information and

1   belief, Defendant Chalon and/or Defendant Donald Chalon and/or Defendant Rita

2   Chalon are about to dispose of or remove their property beyond the jurisdiction of the

3   Court.

4          WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs'

5   Twelfth Cause of Action as follows:

6          A.     Ordering the prejudgment attachment of Defendants' assets including any

7                 and all bank accounts of any of the Defendants, including, but not limited

8                 to, those accounts located at the Bank of America branch located at 5610

9                 North Swan Road, Tucson, Arizona 85718, as well as any real property of

10                 any of the Defendants, including, but not limited to, the real property

11                 located at 5240 East Calle Del Ciervo, Tucson, Arizona 85718 and the real

12                 property located at 1915 East 8th Street, Tucson, Arizona 85719; and

13          B.     Such other or further relief as the Court deems just and proper under the

14                 circumstances.

15

16          **PLAINTIFFS' THIRTEENTH CAUSE OF ACTION**
            **(Injunctive Relief as to All Defendants)**

17          140.   Plaintiffs hereby incorporate each and every allegation contained in the

18   other paragraphs of this Complaint as though fully set forth herein.

19          141.   Pursuant to A.R.S. § 13-2314.04(C), this Court has the jurisdiction and

20   authority to prevent, restrain and remedy a pattern of unlawful activity by issuing

21   appropriate orders, including, but not limited to, restraining orders.

22          142.   Plaintiffs will be irreparably injured if the Defendants are not enjoined from

23   transferring, concealing and disposing of any of their respective assets.

24          143.   Unless they are enjoined, it is believed that Defendants will convert,

25   transfer and/or move their assets beyond the jurisdiction of this Court, leaving Plaintiffs

26   without an adequate remedy or ability to recover funds that may well have been used by

1   Defendants to acquire assets currently in their possession or which have been

2   commingled with other funds in Defendants' possession.

3       **WHEREFORE**, Plaintiffs pray for judgment against Defendants on Plaintiffs'

4   Thirteenth Cause of Action as follows:

5       A.      Issuance of an injunction prohibiting Defendants from liquidating,

6               transferring, selling, distributing or otherwise converting any assets without

7               prior approval of the Court; and

8       B.      Such other or further relief as the Court deems just and proper under the

9               circumstances.

10

11                          **PLAINTIFFS' FOURTEENTH CAUSE OF ACTION**
                                **(Accounting as to All Defendant Companies)**

12      144.    Plaintiffs hereby incorporate each and every allegation contained in the

13   other paragraphs of this Complaint as though fully set forth herein.

14      145.    As persons who invested money with Defendants, Plaintiffs are entitled to a

15   full accounting of the disposition and use of their invested funds as well as the activities

16   and finances of each of the Defendants.

17       WHEREFORE, Plaintiffs pray for judgment against Defendants on Plaintiffs'

18   Fourteenth Cause of Action as follows:

19      A.      An order of this Court requiring Defendants to immediately provide

20               Plaintiffs with a full accounting of Defendants' activities and finances from

21               October 2008 to present; and

22      B.      Such other or further relief as the Court deems just and proper under the

23               circumstances,

24

25

26

27

1

## JURY DEMAND

2       The Plaintiffs respectfully give notice to all parties and counsel of record

3  that they request a jury on all claims and issues so triable before a jury with the maximum

4  number of jurors allowed under Arizona law.

5       **RESPECTFULLY SUBMITTED** this 24th day of June, 2010.

6                          **WILENCHIK & BARTNESS, P.C.**

7

8                          /s/ Tyler Q. Swensen
                          Dennis I. Wilenchik #005250
9                          Tyler Q. Swensen #015322
                          Wilenchik & Bartness, P.C.
10                         The Wilenchik & Bartness Building
                          2810 North Third Street
11                         Phoenix, Arizona 85004
                          *Attorneys for Plaintiffs*

12

13

14

15

16

17

18  _____

19

20

21

22

23

24

25

26